**FILED**
CLERK, U.S. DISTRICT COURT

5/16/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAM _____ DEPUTY

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
THOMAS RYBARCZYK (Cal. Bar No. 316124)
Assistant United States Attorney
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8452
    Facsimile: (213) 894-0141
    E-mail:    thomas.rybarczyk@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
FARA GOLD
Special Litigation Counsel
NIKHIL RAMNANEY
Trial Attorney
Criminal Section, Civil Rights Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

          v.

JOSE VIERA,

       Defendant.

No. CR   2:22-cr-00211-ODW

PLEA AGREEMENT FOR DEFENDANT
JOSE VIERA

    1.   This constitutes the plea agreement between Defendant JOSE VIERA ("defendant") and the United States Attorney's Office for the Central District of California ("USAO") and the Civil Rights Division (CRT) of the U.S. Department of Justice (collectively the "United States") in connection with the investigation of a criminal civil rights violation. This agreement is limited to the USAO and CRT and

1  cannot bind any other federal, state, local, or foreign prosecuting,

2  enforcement, administrative, or regulatory authorities.

3                          <u>DEFENDANT'S OBLIGATIONS</u>

4       2.   Defendant agrees to:

5            a.   Give up the right to indictment by a grand jury and,

6  at the earliest opportunity requested by the United States and

7  provided by the Court, appear and plead guilty to a single count

8  information in the form attached to this agreement as Exhibit A or a

9  substantially similar form, which charges defendant with Deprivation

10 of Rights under Color of Law Resulting in Bodily Injury, in violation

11 of 18 U.S.C. § 242.

12           b.   Not contest the Factual Basis agreed to in this

13 agreement.

14           c.   Abide by all agreements regarding sentencing contained

15 in this agreement.

16           d.   Appear for all court appearances, surrender as ordered

17 for service of sentence, obey all conditions of any bond, and obey

18 any other ongoing court order in this matter.

19           e.   Not commit any crime; however, offenses that would be

20 excluded for sentencing purposes under United States Sentencing

21 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

22 within the scope of this agreement.

23           f.   Be truthful at all times with the United States

24 Probation and Pretrial Services Office and the Court.

25           g.   Pay the applicable special assessment at or before the

26 time of sentencing unless defendant has demonstrated a lack of

27 ability to pay such assessments.

28

                                    2

1          <u>THE UNITED STATES' OBLIGATIONS</u>

2     3.   The United States agrees to:

3          a.   Not contest the Factual Basis agreed to in this
4 agreement.

5          b.   Abide by all agreements regarding sentencing contained
6 in this agreement.

7          c.   At the time of sentencing, provided that defendant
8 demonstrates an acceptance of responsibility for the offense up to
9 and including the time of sentencing, recommend a two-level reduction
10 in the applicable Sentencing Guidelines offense level, pursuant to
11 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
12 additional one-level reduction if available under that section.

13          d.   Except for criminal tax violations
14 (including conspiracy to commit such violations chargeable under 18
15 U.S.C. § 371), not further criminally prosecute defendant for
16 violations of 18 U.S.C. § 242 and violations of Chapter 109A offenses
17 (sexual abuse) of Title 18, arising out of defendant's conduct
18 described in the agreed-to factual basis set forth in paragraph 11
19 below. Defendant understands that the United States is free to
20 criminally prosecute defendant for any other unlawful past conduct or
21 any unlawful conduct that occurs after the date of this agreement.
22 Defendant agrees that at the time of sentencing the Court may
23 consider the uncharged conduct in determining the applicable
24 Sentencing Guidelines range, the propriety and extent of any
25 departure from that range, and the sentence to be imposed after
26 consideration of the Sentencing Guidelines and all other relevant
27 factors under 18 U.S.C. § 3553(a).

28

1

<u>NATURE OF THE OFFENSE</u>

2      4.   Defendant understands that for defendant to be guilty of

3   the crime charged in the information that is, Deprivation of Rights

4   under Color of Law, in violation of Title 18, United States Code,

5   Section 242, the following must be true: (1) defendant deprived

6   victim J.P. of a right secured by the Constitution or laws of the

7   United States, namely, her constitutional right not to be subjected

8   to cruel and unusual punishment; (2) defendant acted willfully, that

9   is, the defendant committed such acts voluntarily and intentionally,

10   and with the specific intent to do something the law forbids, that

11   is, with a bad purpose to disobey or disregard the law.  ; and (3)

12   defendant acted under the color of law.

13      5.   Defendant understands that for defendant to be subject to

14   the statutory maximum sentence set forth below, the government must

15   prove beyond a reasonable doubt that bodily injury resulted from

16   defendant's conduct. Defendant admits that his conduct, in fact,

17   resulted in bodily injury.

18

<u>PENALTIES AND RESTITUTION</u>

19      6.   Defendant understands that the statutory maximum sentence

20   that the Court can impose for a violation of Title 18, United States

21   Code, Section 242 (Deprivation of Rights under Color of Law Resulting

22   in Bodily Injury), is: 10 years' imprisonment; a three-year period of

23   supervised release; a fine of $250,000 and a mandatory special

24   assessment of $100.

25      7.   Defendant understands that supervised release is a period

26   of time following imprisonment during which defendant will be subject

27   to various restrictions and requirements.  Defendant understands that

28   if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant was a corrections officer for the Bureau of Prisons, assigned to the Metropolitan Detention Center-Los Angeles (MDC-LA), which is in the Central District of California. As a corrections officer, defendant's duties included upholding the Constitution and ensuring the safety and security of inmates housed at MDC-LA.  As a corrections officer, defendant knew that any form of sexual contact with inmates in his care was against the law and against BOP policy.

During the morning of December 20, 2020, while acting in his capacity as a corrections officer, defendant entered a cell where victim J.P., a female inmate at MDC-LA, was being housed.  At the time, victim J.P. was serving a prison sentence and was isolated in that cell because she had tested positive for COVID-19.  Victim J.P. thought that defendant entered her cell to bring her breakfast as he often did. Instead, defendant laid down next to her in her bed, sandwiching her between his body and the wall. In doing so, defendant

positioned himself with the front of his body pressing against victim J.P.'s back.  Defendant proceeded to touch victim J.P.'s breasts and pull her shorts and underwear down.  Defendant then penetrated her anus with his penis, even though she told him that she did not want him to do so. Victim J.P. feared physical harm from defendant as it was happening, and in fact, defendant's conduct resulted in bodily injury to victim J.P. in the form of anal soreness and pain. In performing this act, defendant did so willfully, that is, the defendant knew his conduct was against the law but engaged in such conduct anyway.

Subsequent analysis of stained sheets from the victim's bed revealed the presence of defendant's semen.  When federal agents from the Federal Bureau of Investigation and U.S. Department of Justice Office of Inspector General conducted a voluntary interview of defendant, defendant falsely claimed that he never ejaculated while at MDC-LA in order to obstruct and impede the investigation into his conduct.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of
conviction.

13.   Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 30 | U.S.S.G. §§ 2H1.1, 2A3.1 |
| Specific Offense Characteristics: | | |
| Care, Custody, or Supervisory Control | 2 | U.S.S.G. § 2A3.1(b)(3) |
| Color of Law | 6 | U.S.S.G. § 2H1.1(b) |
| Adjustments: | | |
| Vulnerable Victim | 2 | U.S.S.G. § 3A1.1(b)(1) |

Defendant and the United States reserve the right to argue that
additional specific offense characteristics, adjustments, and
departures under the Sentencing Guidelines are appropriate.
Defendant understands that there is no agreement as to defendant's
criminal history or criminal history category.

14.   Defendant and the United States reserve the right to argue
for a sentence outside the sentencing range established by the
Sentencing Guidelines based on the factors set forth in 18 U.S.C.
§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant
gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if
necessary have the Court appoint counsel -- at trial.  Defendant
understands, however, that, defendant retains the right to be

1   represented by counsel -- and if necessary have the Court appoint

2   counsel -- at every other stage of the proceeding.

3          d.   The right to be presumed innocent and to have the

4   burden of proof placed on the government to prove defendant guilty

5   beyond a reasonable doubt.

6          e.   The right to confront and cross-examine witnesses

7   against defendant.

8          f.   The right to testify and to present evidence in

9   opposition to the charges, including the right to compel the

10  attendance of witnesses to testify.

11         g.   The right not to be compelled to testify, and, if

12  defendant chose not to testify or present evidence, to have that

13  choice not be used against defendant.

14         h.   Any and all rights to pursue any affirmative defenses,

15  Fourth Amendment or Fifth Amendment claims, and other pretrial

16  motions that have been filed or could be filed.

17                  <u>WAIVER OF APPEAL OF CONVICTION</u>

18     16.  Defendant understands that, with the exception of an appeal

19  based on a claim that defendant's guilty plea was involuntary, by

20  pleading guilty defendant is waiving and giving up any right to

21  appeal defendant's conviction on the offense to which defendant is

22  pleading guilty.  Defendant understands that this waiver includes,

23  but is not limited to, arguments that the statute to which defendant

24  is pleading guilty is unconstitutional, and any and all claims that

25  the statement of facts provided herein is insufficient to support

26  defendant's pleas of guilty.

27

28

1                    WAIVER OF APPEAL AND COLLATERAL ATTACK

2        17.  Defendant gives up the right to appeal all of the

3   following: (a) the procedures and calculations used to determine and

4   impose any portion of the sentence; (b) the term of imprisonment

5   imposed by the Court, including, to the extent permitted by law, the

6   constitutionality or legality of defendant's sentence, provided it is

7   within the statutory maximum; (c) the fine imposed by the Court,

8   provided it is within the statutory maximum; (d) the term of

9   probation or supervised release imposed by the Court, provided it is

10  within the statutory maximum; and (e) any of the following conditions

11  of probation or supervised release imposed by the Court: the

12  conditions set forth in Second Amended General Order 20-04 of this

13  Court; the drug testing conditions mandated by 18 U.S.C.

14  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

15  authorized by 18 U.S.C. § 3563(b)(7)

16       18.  Defendant also gives up any right to bring a post-

17  conviction collateral attack on the conviction or sentence, including

18  any order of restitution, except a post-conviction collateral attack

19  based on a claim of ineffective assistance of counsel, a claim of

20  newly discovered evidence, or an explicitly retroactive change in the

21  applicable Sentencing Guidelines, sentencing statutes, or statutes of

22  conviction.  Defendant understands that this waiver includes, but is

23  not limited to, arguments that the statutes to which defendant is

24  pleading guilty is unconstitutional, and any and all claims that the

25  statement of facts provided herein is insufficient to support

26  defendant's plea of guilty.

27       19.  This agreement does not affect in any way the right of the

28  United States to appeal the sentence imposed by the Court.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the United States will be relieved of all of its obligations under this agreement; and (b) should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and the above-referenced prosecutors, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is

11

sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the United States declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the United States will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

1   Procedure, or any other federal rule, that the statements or any
2   evidence derived from the statements should be suppressed or are
3   inadmissible.

4           COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
5                           OFFICE NOT PARTIES

6       24.   Defendant understands that the Court and the United States
7   Probation and Pretrial Services Office are not parties to this
8   agreement and need not accept any of the USAO's sentencing
9   recommendations or the parties' agreements to facts or sentencing
10  factors.

11      25.   Defendant understands that both defendant and the United
12  States are free to: (a) supplement the facts by supplying relevant
13  information to the United States Probation and Pretrial Services
14  Office and the Court, (b) correct any and all factual misstatements
15  relating to the Court's Sentencing Guidelines calculations and
16  determination of sentence, and (c) argue on appeal and collateral
17  review that the Court's Sentencing Guidelines calculations and the
18  sentence it chooses to impose are not error, although each party
19  agrees to maintain its view that the calculations in paragraph 13 are
20  consistent with the facts of this case.  This paragraph permits both
21  the USAO and defendant to submit full and complete factual
22  information to the United States Probation and Pretrial Services
23  Office and the Court, even if that factual information may be viewed
24  as inconsistent with the Factual Basis and Sentencing Factors agreed
25  to in this agreement.

26      26.   Defendant understands that even if the Court ignores any
27  sentencing recommendation, finds facts or reaches conclusions
28  different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be no greater than the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the United States and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

///

///

///

///

///

///

///

///

1            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       28.  The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF

7 CALIFORNIA

8 TRACY L. WILKISON
  United States Attorney

9

10 _____        May 16, 2022
  THOMAS RYBARCZYK                      Date

11 Assistant United States Attorney

12

13 UNITED STATES DEPARTMENT OF
  JUSTICE, CIVIL RIGHTS DIVISION

14

15 KRISTEN CLARKE
  Assistant Attorney General

16

17 _____        5/16/22

18 FARA GOLD                          Date
  Special Litigation Counsel

19 NIKHIL RAMNANEY
  Trial Attorney

20

21

22 _____        5/9/22
  JOSE VIERA                        Date

23 Defendant

24 _____        5/9/2022
  CARLOS IRIARTE                 Date

25 Attorney for Defendant

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
JOSE VIERA                                Date   5/4/22
Defendant

///
///
///
///

16

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSE VIERA'S attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____              5/9/2022
CARLOS IRIARTE                         Date
Attorney for Defendant